1   Andrew N. Friedman, *pro hac vice* pending
    Victoria S. Nugent, *pro hac vice* pending
2   Whitney R. Case, *pro hac vice* pending
    Stefanie M. Ramirez, *pro hac vice* pending
3   COHEN MILSTEIN SELLERS
    & TOLL PLLC
4   1100 New York Ave., N.W., Suite 500 West
    Washington, D.C. 20005-3964
5   Telephone: (202) 408-4600
    Facsimile: (202) 408-4699
6   afriedman@cohenmilstein.com

7   *Counsel for Plaintiff*

8

9

10  Karen Hanson Riebel
    LOCKRIDGE GRINDAL NAUEN PLLP
11  100 Washington Avenue South, Suite 2200
    Minneapolis, MN 55401
12  Telephone: (612) 596-4097
    Facsimile: (612) 339-0981
13  khriebel@locklaw.com

14  *Counsel for Plaintiff*

15

Michael D. Braun, SBN 167416
Braun Law Group, P.C.
10680 W. Pico Blvd., Suite 280
Los Angeles, CA 90064
Telephone: (310) 836-6000
Facsimile: (310) 836-6010
mdb@braunlawgroup.com

*Local Counsel for Plaintiff*

FILED
CLERK, U.S. DISTRICT COURT

MAR - 8 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

Richard B. Wentz, SBN 120380
Jean M. Wentz, SBN 139340
THE WENTZ LAW FIRM
2955 East Hillcrest Drive, Suite 123
Thousand Oaks, CA 91362
Telephone: (805) 374-0060
Facsimile: (888) 855-8124
rick.wentz@gmail.com
jean.wentz@gmail.com

*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM TAYLOR, individually and on behalf of the class he represents,<br><br>Plaintiff,<br><br>v.<br><br>iolo technologies, LLC, a California Corporation,<br><br>Defendant. | CASE NO. CV11 01964 DSF SSx<br><br>CLASS ACTION<br><br>COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES<br><br>DEMAND FOR JURY TRIAL |

Plaintiff William Taylor, individually and on behalf of the Class described

below, by his attorneys, makes the following allegations based upon information

COMPLAINT FOR EQUITABLE RELIEF
AND DAMAGES

and belief, except as to allegations specifically pertaining to Plaintiff and his counsel, which are based on personal knowledge.  Plaintiff brings this action for damages and injunctive relief against Defendant iolo technologies, LLC.

## NATURE OF ACTION

1.      iolo technologies ("iolo") is a privately-held software company headquartered in Los Angeles, California, with a presence in 33 countries and products in six languages. According to its website, iolo is "widely recognized as a global leader in the competitive utility software market" and "produces award-winning software that repairs, optimizes, and protects Windows computers."

2.      iolo sells its security software products and services on its website, www.iolo.com and in select stores.  Customers who purchase these products are misled into believing that they are purchasing software for unlimited usage when they are unwittingly purchasing a temporally limited license for the software. After this undisclosed license period, the software becomes inoperable unless a customer pays to "upgrade" the software. For these reasons, Plaintiff alleges that iolo's practices, by structure and design, are deceptive.

3.      Plaintiff brings this class action against iolo for restitution, damages, and other relief available at law and in equity on behalf of himself as well as on behalf of the members of the following class ("the Class"):

> All persons in the United States who purchased System Mechanic Professional, System Mechanic or System Shield Software from iolo technologies or third parties authorized to sell software on iolo's behalf after March 7, 2007.

## THE PARTIES

4.      Plaintiff William Taylor ("Taylor") is a citizen of the State of Kansas who purchased System Mechanic from a Sam's Club store in Crystal Lake, Illinois

- 2 -

COMPLAINT FOR EQUITABLE RELIEF
AND DAMAGES

1   in or about Fall 2008.

2       5.      Defendant iolo is a California Corporation with its principal place of

3   business in Los Angeles, California.  Defendant iolo is a citizen of the State of

4   California under 28 U.S.C. § 1332(c)(1). On information and belief, Plaintiff

5   alleges that the key acts of deception alleged herein were approved and executed at

6   iolo's headquarters in Los Angeles, California.

7
                        **JURISDICTION AND VENUE**
8

9       6.      This Court has jurisdiction over this class action pursuant to 28 U.S.C.

10  § 1332.  In the aggregate, the claims of Plaintiff and the members of the Class

11  exceed the jurisdictional minimum amount in controversy of $5,000,000.00,

12  exclusive of costs and interests, 28 U.S.C. § 1332(d)(2)(A) and § 1332(6).

13  Additionally, this is a class action in which some of the members of the Class are

14  citizens of a different state than the Defendant. There are more than 100 members

15  of the Class.

16      7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)

17  and (c) in that iolo resides in this district, a substantial part of the events or

18  omissions giving rise to the claim occurred in the Central District of California and

19  the End User License Agreement ("EULA") between Plaintiff and Defendant

20  specifies that any disputes arising out of the license shall be subject to the exclusive

21  venue of the state and federal courts of Los Angeles, California.

22                          **FACTUAL ALLEGATIONS**

23      8.      iolo is a leading international provider of computer software that

24  "repairs, optimizes and protects Windows computers."

25

26      9.      iolo claims on its website that it "played a pivotal role in establishing

27  the PC tune-up software category, competing with some of the largest consumer

28  software companies to ultimately assert itself as the worldwide leader according to

                        - 3 -        COMPLAINT FOR EQUITABLE RELIEF
                                              AND DAMAGES

multiple industry authorities." It also claims that the company's vision is to "produce powerful, flexible, sophisticated software that is easy to approach and use by both novices and experts, enabling them to enjoy the full potential of their PCs by keeping them running fast, stable and problem-free."

10.     iolo's product line at issue in this suit includes the following software: System Mechanic, System Mechanic Professional and System Shield (the "Software"). iolo leads customers to believe the Software is something a customer can use at indefinitely. In reality, the customer has purchased a license to use the Software that is valid only for a limited period of time, usually a one-year term.

11.     Neither on webpage describing the product nor on the actual product packaging is there a notice that the Software contains a temporally limited license. Customers purchase the product with the belief that they are purchasing a license to use the underlying Software for as long as they desire, much like the licenses for such software as Microsoft Word, Excel, etc. While new versions of Microsoft Word and Excel are periodically released with additional features and services, the release of these new versions does not render the already purchased Microsoft software unusable. The same cannot be said of Defendant's Software, as the purchased Software is rendered inactive after the undisclosed one-year term has passed.

12.     When a customer selects Software on iolo's website for purchase, a screen appears offering customers the option to "upgrade" the Software. During the purchase process, customers are asked if they would like to "upgrade" their order. This "upgrade" is described as adding "additional years of free upgrades and service," including (1) guaranteed free automatic updates and upgrades, (2) free access to unlimited technical support privileges and (3) a substantial lifetime renewal discount. There is no explanation as to what "services" are included in the upgrade. The description of the upgrade implies that by upgrading their purchase,

- 4 -

COMPLAINT FOR EQUITABLE RELIEF
AND DAMAGES

customers will receive additional updates and support after the baseline period of free support. However the upgrade notice provides no notification that "upgrades" are necessary to use the software after the initial support time period. Thus, whether the consumer chooses to "upgrade" his or her purchase is irrelevant, as he or she has no way to understand that the underlying Software is valid only for a limited period of time.

13.    According to iolo, System Mechanic purportedly automatically performs the following services: cleans and repairs the registry to fix problems and free up memory, speeds up Windows start time by up to 800%, diagnoses and fixes hundreds of problems for like-new reliability and plays the latest high-performance games at maximum speeds. iolo does not disclose, and there is no indication, that the System Mechanic software is temporally limited.

14.    According to iolo, System Mechanic Professional purportedly provides the benefits of System Mechanic with some additional benefits. According to the iolo website, System Mechanic Professional is described as "a PC technician in a box." iolo does not disclose, and there is no indication, that the System Mechanic Professional software is temporally limited.

15.    iolo advertises System Shield as antivirus and antispyware protection that finds and removes PC infections and permanently protects your computer from all future attacks. iolo states on its website that System Shield provides "permanent pest removal." iolo does not disclose, and there is no indication, that the System Shield software is temporally limited.  By describing the Software as having "permanent" capabilities, iolo further implies that the consumer will be able to utilize the Software's capabilities on a permanent basis – or at least much longer than the undisclosed one-year time limit. This is not true, as the Software is rendered inactive after one year.

COMPLAINT FOR EQUITABLE RELIEF
AND DAMAGES

**Plaintiff and the Class' Experience Buying iolo Software**

16.     In or about November 2008, Plaintiff William Taylor, an Information Technology ("IT") professional, purchased the System Mechanic software program for his personal and household use from a Sam's Club store in Crystal Lake, Illinois.  Nowhere on the System Mechanic packaging was there any disclosure of the one-year license. The omission is material and but for the belief that the license was not temporally limited, Plaintiff would not have purchased the System Mechanic software program.

17.     When Taylor attempted to use the product in or around January 2011, the software was inoperable. Taylor contacted iolo's customer service department and was told that the license for the software had expired, as it had been over a year since he purchased the service.  This was the first time Taylor was made aware that the life span of the Software, without upgrading, was one-year.

18.     Numerous customers have complained regarding Defendant's undisclosed license period; examples of these complaints include the following:

> I bought System Mechanic 7 from a retail store in 2008. The software which I paid $50.00 for at the time worked fine until my computer recently crashed and died. When I went to install the System Mechanic software on my newer laptop, the activation key wouldn't work. So I called Iolo's technical support center and they said my one year subscription ran out on 3/31/09, so I would need to buy another year's subscription for it to work. Wow! What a scam. The software itself should work for as long as I want to use it, obviously I won't have any updates or new features that they add after 3/31/09, but the software I bought should still work fine. So I tried to explain this to the tech support guy. I then asked him to have a supervisor call me. Right after that I called and spoke to the main office gal, who documented my info and said she would forward it on to a supervisor. Good thing because the first man I spoke with entered my phone

COMPLAINT FOR EQUITABLE RELIEF
AND DAMAGES

number wrong (mistake? I doubt it). So, I received an email today from a customer service rep stating the same old info that I need a subscription...user "moray" (www.complaintsboard.com)

\*     \*     \*     \*     \*     \*     \*     \*     \*

I bought version System Mechanic Pro version 6 and I really liked it. I like it so much, that I went and upgraded to the Pro version 7, only to have Iolo, change their policy without even notifying subscribed customers!!!... In short, what they have done, [is] taken the lifespan of the actual product you purchase off the shelf, and reduced it down to one calendar [sic] year. In other words: unless you pony up for another year, you lose the service! I NEVER would have even purchased this program, had I known that critical information before going in. user "krackcode" (http://forums.cnet.com)

**The Manner In Which iolo Sells Its Software Is Inconsistent with Accepted Industry Norms, iolo's Own Practices and Reasonable Consumer Expectations**

19.     Competing software companies, such as McAfee and Symantec, conspicuously advertise the sale of their products as temporally-limited licenses.

20.     For example, even before a customer chooses to purchase McAfee software, he is notified that the software license is limited to one year – in its description of the Total Protection Software, McAfee informs the customer that the Software protects up to 3 PCs for <u>one year</u>. Once a customer clicks the icon to purchase a product from the McAfee website (www.mcafee.com), the customer is directed to a separate webpage showing the contents of the customer's "shopping cart" and the total cost of the purchase. On the webpage, the customer is notified once again that the he is purchasing a one-year license for the Software; the purchased product is described by its name along with a parenthetical describing the length of the "subscription." For example, if a customer purchases McAfee Total Protection, the listing appears in his shopping cart as: Total Protection (1-year subscription) - \$45.00.

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

21.     Similarly, prior to purchasing software on the Symantec website, a customer is notified of the license period.  Directly above the purchase icon is a one-sentence description, stating that the Norton software is "1 year protection for up to 3 Home PCs."  When a customer clicks on the icon to purchase a product from the Symantec website (www.symantec.com), the customer is directed to a webpage showing the contents of the customer's "shopping cart" and the total cost of the purchase. On the webpage, the customer is again notified of the license period - the purchased product is described by its name along with a notation describing the length of the "subscription." For example, if a customer purchases Norton 360, the listing appears in his shopping cart as: Norton 360 Version 5.0 Premier Edition – 1 year protection for up to 3 PCs.

22.     In fact, iolo discloses the time limit at the point of purchase for two other iolo products: Search and Recover and DriveScrubber. During the purchase process for these two products, the customer is informed on the product's description page that the customer is, in fact, purchasing the service for a one-year term. No such information is provided to customers purchasing the Software at issue in this case.

## CLASS ACTION ALLEGATIONS

23.     This class action is brought and may be maintained pursuant to Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(1), (b)(2) and (b)(3).  Plaintiff seeks to represent a class comprising:

> All persons in the United States who purchased System Mechanic Professional, System Mechanic or System Shield Software from iolo technologies or third parties authorized to sell software on iolo's behalf after March 7, 2007.

24.     Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers,

COMPLAINT FOR EQUITABLE RELIEF
AND DAMAGES

directors, legal representatives, successors, subsidiaries, and assigns.  Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

25.     Plaintiff reserves the right to modify the Class description pursuant to subdivisions (b)(1), (b)(2) and (b)(3) of Rule 23 of the Federal Rules of Civil Procedure.

26.     This action is properly brought as a class action under Fed. R. Civ. P. 23(b)(1), (b)(2), and (b)(3) for the following reasons:

a.     Upon information and belief, Plaintiff alleges that Defendant deceived thousands of persons by failing to disclose that iolo is not offering the sale of traditional software; rather, iolo's Software is subject to a temporally limited license.  Therefore, the class consists of thousands of persons, and joinder of all members is impracticable.

b.     There are questions of law or fact common to the Class, which predominate over any questions affecting individual members, including:

i.     Whether iolo's actions constitute an unfair or deceptive practice within the meaning of California Business and Professions Code section 17200 in that iolo's conduct is unfair, unlawful and/or fraudulent;

ii.     Whether a reasonable consumer would be likely to be deceived by iolo's Software, as advertised;

iii.     Whether Defendant has been unjustly enriched at the expense of Plaintiff and members of the putative class;

iv.     Whether Defendant breached the End User License Agreement ("EULA");

v.     Whether Defendant's actions constitute a breach of the covenant

- 9 -

COMPLAINT FOR EQUITABLE RELIEF
AND DAMAGES

of good faith and fair dealing;

vi.    Whether Defendant's actions and/or omissions violate California's Consumers Legal Remedies Act, Civ.Code § 1750, *et seq.*; and

vii.   Whether Plaintiff and the members of the Class have been damaged by the wrongs complained of herein, and if so, the measure of those damages and the nature and extent of other relief that should be afforded.

Plaintiff contends that these common questions should be decided under the California state laws regulating unfair and deceptive business practices because iolo is headquartered in Los Angeles, California and iolo's EULA specifies that California law shall apply.

c.    The claims asserted by Plaintiff are typical of the claims of the members of the Class.  Plaintiff and all members of the Class have been similarly affected by Defendant's common course of conduct since Defendant caused Plaintiff to incur damages as a result of the lapse of his software license.

d.    Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff seeks no relief that is antagonistic or adverse to other members of the class and has no conflict of interest with other Class members in the maintenance of this class action.  Plaintiff has retained counsel competent and experienced in class and consumer litigation and will vigorously pursue the claims of the Class.

e.    Individual adjudication of these claims with respect to individual members of the Class risks establishment of inconsistent standards of conduct for the Defendant, for example, establishing relief that could require Defendant to refund the money of certain class members, but not others.

- 10 -

COMPLAINT FOR EQUITABLE RELIEF
AND DAMAGES

f.   Defendant has acted on grounds generally applicable to Plaintiff and the Class as alleged herein, thereby making appropriate final injunctive relief and incidental damages with respect to the Class as a whole.

g.   A class action is superior to any other available means for the adjudication of the controversy. This action will enable the orderly and expeditious administration of the Class claims; economies of time, effort and expense will be fostered, and uniformity of decisions will be ensured at the lowest cost and with the least expenditure of judicial resources.

h.   Because the loss suffered by the Class members may be relatively small, the expense and burden of individual litigation make it impracticable for the Class members to seek redress individually for the wrongs done to them. Plaintiff believes that the Class members, to the extent they are aware of their rights against Defendant, would be unable to secure counsel to litigate their claims on an individual basis because of the relatively small nature of the individual damages and/or the value of individual injunctive relief. Hence, a class action is the only feasible means of recovery for the Class members. Furthermore, without a class action, Class members will continue to suffer damages and Defendant will continue to violate the law, reaping and retaining the proceeds of its wrongful practices.

i.   Plaintiff does not anticipate any difficulty in management of this action because the evidence proving Defendant's legal violations is readily ascertainable through discovery. Class members are iolo customers and their identities can be ascertained. Damages can be calculated from Defendant's records. This action poses no unusual difficulties that would impede its management by the Court as a class action.

COMPLAINT FOR EQUITABLE RELIEF
AND DAMAGES

## FIRST CAUSE OF ACTION
### "Unfair" Business Practices in Violation of
**The Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, et seq.**
**(On behalf of the Plaintiff and the Class)**

27.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 26 of this complaint.

28.    Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of Defendant's actions as described herein. But for the belief that the license was not temporally limited, Plaintiff would not have purchased the System Mechanic software program.

29.    Defendant's actions as alleged in this complaint constitute an unfair, unlawful or deceptive practice within the meaning of California Business and Professions Code section 17200 in that Defendant's actions are unfair, unlawful and/or fraudulent.

30.    Defendant's business practices are unfair because they violate established public policy and/or are immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that Defendant artfully conceals the fact that Software has a limited license, unless the customer purchases an upgrade.

31.    Defendant's wrongful business practices constitute a continuing course of conduct of unfair competition.

32.    Defendant's business acts and practices, as alleged herein, have caused injury to Plaintiff and the Class.

33.    Pursuant to section 17203 of the California Business and Professions Code, Plaintiff and the Class seek an order of this court enjoining Defendant from continuing to engage in unfair business practices and any other act prohibited by

COMPLAINT FOR EQUITABLE RELIEF
AND DAMAGES

law, including the acts set forth in the complaint.

34.     Plaintiff and the Class also seek an order requiring Defendant to disgorge all ill-gotten gains, distribute licenses of unlimited duration and provide full restitution of all monies they wrongfully obtained from Plaintiff and the Class through the scheme described herein.

35.     Plaintiff and the Class seek an award of attorneys' fees under California Civil Procedure Code § 1021.5.

## SECOND CAUSE OF ACTION
**"Unlawful" Business Practices in Violation of**
**The Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, et seq.**
**(On behalf of the Plaintiff and the Class)**

36.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 35 of this complaint.

37.     Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of Defendant's actions as described herein.

38.     Defendant's actions as alleged in this complaint constitute an unfair, unlawful or deceptive practice within the meaning of California Business and Professions Code section 17200 in that Defendant's actions are unfair, unlawful and/or fraudulent.

39.     Defendant's practices are unlawful because they violate the Consumer's Legal Remedies Act.  Defendant's practices are also unlawful because they constitute unjust enrichment and breach of contract.

40.     Defendant's wrongful business practices constitute a continuing course of conduct of unfair competition.

- 13 -

COMPLAINT FOR EQUITABLE RELIEF
AND DAMAGES

41.    Defendant's business acts and practices, as alleged herein, have caused injury to Plaintiff and the Class.

42.    Pursuant to section 17203 of the California Business and Professions Code, Plaintiff and the Class seek an order of this court enjoining Defendant from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including the acts set forth in the complaint.

43.    Plaintiff and the Class also seek an order requiring Defendant to disgorge all ill-gotten gains, distribute licenses of unlimited duration and provide full restitution of all monies they wrongfully obtained from Plaintiff and the Class through the scheme described herein.

44.    Plaintiff and the Class seek an award of attorneys' fees under California Civil Procedure Code § 1021.5.


**THIRD CAUSE OF ACTION**
**"Fraudulent" Business Practices in Violation of**
**The Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, et seq.**
**(On behalf of the Plaintiff and the Class)**

45.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 44 of this complaint.

46.    Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of Defendant's actions as described herein.

47.    Defendant's actions as alleged in this complaint constitute an unfair, unlawful or deceptive practice within the meaning of California Business and Professions Code section 17200 in that Defendant's actions are unfair, unlawful and/or fraudulent.

48.    Defendant's business practices are fraudulent because they are likely

- 14 -

COMPLAINT FOR EQUITABLE RELIEF
AND DAMAGES

to deceive customers into believing that they are purchasing software with no limited license period.

49.     Defendant's wrongful business practices constitute a continuing course of conduct of unfair competition.

50.     Defendant's business acts and practices, as alleged herein, have caused injury to Plaintiff and the Class.

51.     Pursuant to section 17203 of the California Business and Professions Code, Plaintiff and the Class seek an order of this court enjoining Defendant from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including the acts set forth in the complaint.

52.     Plaintiff and the Class also seek an order requiring Defendant to disgorge all ill-gotten gains, distribute licenses of unlimited duration and provide full restitution of all monies they wrongfully obtained from Plaintiff and the Class through the scheme described herein.

53.     Plaintiff and the Class seek an award of attorneys' fees under California Civil Procedure Code § 1021.5.

**FOURTH CAUSE OF ACTION**
**Violation of The Consumers Legal Remedies Act,**
**California Civil Code § 1750**
**(On behalf of the Plaintiff and the Class)**

54.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 53 of this complaint.

55.     Defendant is a person as defined by Civil Code § 1761(c).

56.     iolo's Software is a good and/or service within the meaning of Civil Code §1761(b).

COMPLAINT FOR EQUITABLE RELIEF
AND DAMAGES

57.     Plaintiff and the Class are consumers within the meaning of Civil Code §1761(d).

58.     Defendant violated Civil Code § 1770(a)(1) by advertising and selling Software with a limited license period as Software with no license period.

59.     Defendant violated Civil Code § 1770(a)(5) by misrepresenting that the Software has characteristics, uses, benefits that it does not have.

60.     Defendant violated Civil Code § 1770(a)(9) by advertising its Software without any mention of a limited license period.

61.     Plaintiff sent a certified letter pursuant to Cal. Civ. Code § 1750, *et seq.* demanding that Defendant stop the practice at issue in this Complaint and remunerate Plaintiff and members of the putative class ("CLRA Letter"). The letter was sent on March 7, 2011 and notified Defendant that failure to meet the demands would result in Plaintiff amending his Complaint to seek damages pursuant to California Civil Code § 1780 et seq.

62.     Plaintiff and the Class have been damaged as a result of Defendant's conduct as alleged throughout the entirety of this Complaint, and therefore pursuant to the CLRA are entitled to an order enjoining Defendant's conduct under Section 1780(a)(2); and any other relief the Court deems proper under Section 1780(a)(5).

63.     Plaintiff and the Class seek an award of attorneys' fees under Civil Code § 1780(e).

## FIFTH CAUSE OF ACTION
### Breach Of Contract
### (On behalf of Plaintiff and the Class)

64.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 63 of this complaint.

COMPLAINT FOR EQUITABLE RELIEF
AND DAMAGES

65.     Defendant's End User License Agreement ("EULA") grants Plaintiff a license to use the purchased Software. Nothing in the EULA temporally limits Plaintiff's license or use of the Software.

66.     Implied in every contract, including the EULA between Defendant and Plaintiff and the Class members, is a covenant of good faith and fair dealing.

67.     Defendant had a duty to fulfill the obligations owed to Plaintiff under the EULA in a manner that did not frustrate or interfere with Plaintiff's receipt of the full benefits of the contract.

68.     By imposing an undisclosed, one-year license on the Software, after which the Software ceases to operate, Defendant interfered with Plaintiff's right to operate his purchased license and breached the EULA.

69.     As a direct, foreseeable, and proximate result of Defendant's breach, Plaintiff and other Class members sustained damages, in an amount to be determined at trial.

70.     Plaintiff seeks an award of actual damages, attorneys' fees and costs as provided by law.

## SIXTH CAUSE OF ACTION
### Unjust Enrichment
### (On behalf of the Plaintiff and the Class)

71.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 70 of this Complaint.

72.     Defendant actively participated in a scheme whereby it unlawfully and unfairly advertised and sold Software with a limited license period as Software with no license period. Defendant knew and was aware of the unfair and/or deceptive act and business practice.

COMPLAINT FOR EQUITABLE RELIEF
AND DAMAGES

73.     Defendant concealed the true facts and circumstances from Plaintiff.

74.     By wrongfully advertising and selling Software with a limited license period as Software with no license period, Defendant was unjustly enriched at Plaintiff's expense.

75.     Defendant knew the benefit it was receiving as a result of its wrongful acts, and has enjoyed the benefit of its financial gains, to the detriment and expense of Plaintiff.

76.     Retention of the monies gained through its wrongful acts and practices would be inequitable considering the circumstances by which Defendant obtained these monies.

77.     The actions described in this Complaint by Defendant were done with a conscious disregard of Plaintiff's rights. These actions constitute conduct which is despicable behavior done with an intent to injure Plaintiff, such as to constitute oppression, fraud or malice under California Civil Code § 3294, entitling Plaintiff to punitive damages.

78.     Restitution alone would have little or no deterrent effect on Defendant, and without an award of exemplary damages, Defendant is incentivized to pursue other malicious, oppressive and fraudulent schemes.

79.     Plaintiff and the class are entitled to and seek restitution and punitive damages from Defendant and an order disgorging all profits, benefits, and other compensation obtained by Defendant for its wrongful conduct.

///

///

///

COMPLAINT FOR EQUITABLE RELIEF
AND DAMAGES

### SEVENTH CAUSE OF ACTION
**Declaratory Judgment Under 28 U.S.C. § 2201 and Fed. R. Civ. P. 57**
**(On behalf of the Plaintiff and the Class)**

80.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 79 of this complaint.

81.     There exists an actual controversy regarding the rights of Plaintiff and Defendant with respect to Defendant's actions herein.  This question is common to the members of the Class who seek a declaration of their rights and legal obligations in addition to such other relief which might be granted by this Court.

### RELIEF REQUESTED

WHEREFORE, Plaintiff requests judgment against Defendant for himself and the members of the class as follows:

A.     Certification of the Class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(1), (b)(2) or (b)(3);

B.     An order that Defendant be permanently enjoined from the improper activities and practices described herein;

C.     Disgorgement and restitution to Plaintiff and to members of the Class of all monies wrongfully obtained and retained by Defendant.

D.     Compensatory and actual damages in an amount according to proof at trial;

E.     Statutory damages and penalties, as provided by law;

F.     Prejudgment interest commencing on the date of payment of the charges and continuing through the date of entry of judgment in this action;

G.     Punitive and exemplary damages in an amount according to proof at trial;

H.     Costs and fees incurred in connection with this action, including

COMPLAINT FOR EQUITABLE RELIEF
AND DAMAGES

attorneys' fees, expert witness fees, and other costs, as provided by law; and

      I.     Granting such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby requests a jury trial for all issues so triable.

DATED: March 7, 2011            Respectfully submitted,

Braun Law Group, P.C.

By: _____

Michael D. Braun
10680 W. Pico Blvd., Suite 280
Los Angeles, CA 90064
Telephone:  (310) 836-6000
Facsimile:   (310) 836-6010

*Local Counsel for Plaintiff William Taylor*

Andrew N. Friedman
Victoria S. Nugent
Whitney R. Case
Stefanie M. Ramirez
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue, N.W., Suite 500 West
Washington, D.C.  20005-3964
Telephone:  (202) 408-4600
Facsimile:   (202) 408-4699

Karen Hanson Riebel
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Avenue South
Suite 2200
Minneapolis, MN  55401
Telephone:  (612) 596-4097
Facsimile:   (612) 339-0981

- 20 -        COMPLAINT FOR EQUITABLE RELIEF
AND DAMAGES

Richard B. Wentz, SBN 120380
Jean M. Wentz, SBN 139340
THE WENTZ LAW FIRM
2955 East Hillcrest Drive, Suite 123
Thousand Oaks, CA 91362
Telephone:   (805) 374-0060
Facsimile:   (888) 855-8124

- 21 -

COMPLAINT FOR EQUITABLE RELIEF
AND DAMAGES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV11- 1964 DSF (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| WILLIAM TAYLOR, individually and on behalf of the class he represents, | iolo technologies, LLC, a California Corporation, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Michael D. Braun (Bar No. 167416), BRAUN LAW GROUP, P.C. 10680 W. Pico Blvd., Suite 280, Los Angeles, CA 90064 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☐ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes  ☐ No      ☒ MONEY DEMANDED IN COMPLAINT: $ unknown at this time

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Bus. & Prof. Code 17200, et seq.; CA Civ Code 1750; Breach of Contract; Unjust Enrichment; Declaratory Relief

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | IMMIGRATION | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | ☐ 465 Other Immigration Actions | | |

CV11 01964

**FOR OFFICE USE ONLY:**  Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Kansas | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 3-7-11

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Michael D. Braun (Bar No. 167416)
BRAUN LAW GROUP, P.C.
10680 W. Pico Blvd., Suite 280
Los Angeles, CA 90064
Phone: (310) 836-6000; Fax: (310) 836-60106
E-Mail: service@braunlawgroup.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM TAYLOR, individually and on behalf of the class he represents,<br><br>PLAINTIFF(S)<br><br>v.<br>iolo technologies, LLC, a California Corporation,<br><br><br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV11 01964 DSF SSx**<br><br><br>**SUMMONS** |

TO:     DEFENDANT(S):  iolo technologies, LLC, a California Corporation,

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  Michael D. Braun, Esq._____, whose address is  Braun Law Group, P.C., 10680 W. Pico Blvd., Suite 280, Los Angeles, CA 90064_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___MAR - 8 2011___          By: ___CHRISTOPHER POWERS___

                                           Deputy Clerk

                                           *(Seal of the Court)*

                                           1181

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*